```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

William H. Breckenridge, Sr.,     :

    Plaintiff,                :

  v.                              :    Case No. 2:07-cv-0345

Gary Johnson, et al.,             :    JUDGE HOLSCHUH

    Defendants.               :

                    REPORT AND RECOMMENDATION

Plaintiff, William Breckenridge, filed this action seeking damages and injunctive relief against defendants State Employees Relations Board ("SERB"), AFSCME Local 11, AFL-CIO, Gary Johnson, Steve Loeffler, Carol Bowshier, Andy Douglas, and Harry Graham. Mr. Breckenridge has moved for an order permitting him to proceed in forma pauperis. The matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915(e)(2).

I.

Section 1915(e)(2) provides that in proceedings in forma pauperis:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal -
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim upon which relief can be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2). The purpose of this section is to

prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).

A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted when there is no legal basis for the claim asserted, the facts are insufficient to make out a valid claim, or there is an insurmountable bar to relief on the face of the complaint.  See generally, Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).  Pro se complaints are to be construed liberally in favor of the pro se party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that Mr. Breckenridge's complaint and application to proceed in forma pauperis will be considered.

II.

According to the complaint, Mr. Breckenridge was at one point an employee of the State of Ohio and a member of the bargaining unit represented by AFSCME Local 11, AFL-CIO.  Gary Johnson and Steve Loeffler were the chief contract negotiators for the State of Ohio; Carol Bowshier and Andy Douglas were negotiators for the union; and Harry Graham was a fact finder appointed by SERB who became involved in negotiations between the employer State of Ohio and the union leading to a collective bargaining agreement.  The crux of Mr.

Breckenridge's complaint involves a change to the maximum disability benefit under the most recent collective bargaining agreement.

Mr. Breckenridge's first four claims for relief relate to a grievance he filed with SERB on May 25, 2006.

> CLAIM #1: SERB never answered the complaint of the grievant in a timely manner, the grievant did not receive a response until 7 months later.  SERB abused its discretion by choosing to ignore this complaint and not answering timely.
>
> CLAIM #2: SERB abused its discretion by not fulfilling its duty to monitor these negotiations to ensure both parties' rights were protected under color of federal and state law, and that these negotiations would be conducted in good faith.
>
> CLAIM #3: SERB abused its discretion when it allowed these unlawful negotiations to continue between the State of Ohio and AFSCME Local 11, AFL-CIO.  SERB should have known that both parties were in violation of breaching federal and state law which gave protection to a protected class against discrimination of its rights, negotiations should have ceased.
>
> CLAIM #4: SERB again abused its discretion when letting Harry Graham who was appointed by SERB to be fact finder who was to be a neutral third party who was not to side with either party.  However, SERB allowed the fact finder to make recommendations in favor of the State of Ohio, whose demands were malicious and reckless as well as outrageous to cause this plaintiff irreparable harm and intentional emotional distress.

Mr. Breckenridge's next five claims relate to the union's alleged breach of its duty to fairly represent him in the collective bargaining negotiations:

<u>CLAIM #1</u>: The union breached its duty to represent the plaintiff when the union brought the existing disability benefit which gave the plaintiff job security in the event the plaintiff suffered a long term illness back to the table for renegotiation. The union displaced the benefit that provided a maximum of 48 months of disability and agreed to a one (1) life-time benefit of 12 months. When the 12 months are used up, the plaintiff will not be able to apply for this benefit again.

<u>CLAIM #2</u>: The plaintiff feels the union's actions were done in bad faith to intentionally cause irreparable harm because the union knew the plaintiff suffered a long term illness of prostate cancer and Hepatitis C.

<u>CLAIM #3</u>: The union concerted with Gary Johnson and Steve Loeffler who were chief negotiators for the State of Ohio, who coerced negotiations for the union to sabotage its duty to the plaintiff by its intentional misconduct. The union gave back the disability benefit that provided job security for the plaintiff and gave sufficient benefits to maintain his likelihood and other financial responsibilities.

<u>CLAIM #4</u>: The union breached its duty to the plaintiff to represent the plaintiff in these negotiations, and protect the rights of the plaintiff under Title VII, Civil Rights Act of 1964 to 1991, LMRA, 12947, 201, 29 U.S.C.A. and 185.

<u>CLAIM #5</u>: The union breached its duty when it concerted with the aforementioned defendants, Gary Johnson and Steve Loeffler, for the sole purpose of driving the plaintiff from the work force.

The relief sought by Mr. Breckenridge includes taking away the certification of AFSCME Local 11, AFL-CIO as his exclusive

bargaining representative and the return with interest of all union dues he has paid; invalidating the contract between the State of Ohio and the union; and recovery of $120,000,000 for punitive damages, $12,000,000 for compensatory damages and $15,000,000 for mental and emotional distress.

### III.
#### A.

The Court turns first to the claims against SERB.  It is clear that the Eleventh Amendment to the United States Constitution bars suit against either a state or agency of a state by citizens of that state.  <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974).  In this case, Mr. Breckenridge is a citizen of Ohio. SERB is an agency of the State of Ohio.  Thus, to the extent Mr. Breckenridge seeks damages against SERB, his suit is subject to dismissal.  <u>See</u> §1915(e)(2)(B)(iii)(the court shall dismiss the case if the action seeks monetary relief against a defendant who is immune from such relief).  Any suit for injunctive relief is similarly barred.  <u>Cory v. White</u>, 457 U.S. 85, 90 (1982)("the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction...").

#### B.

Mr. Breckenridge's claim against AFSCME arises under Ohio Rev. Code §4117.11(B)(6), which provides that "[i]t is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to [f]ail to fairly represent all public employees in a bargaining unit."  <u>See</u> <u>Gunn v. Board of Educ. of Euclid City School Dist.</u>, 554 N.E. 2d 130, 133 (Ohio Ct. App. 1988).  SERB has exclusive jurisdiction to resolve unfair labor practice charges.  <u>State ex rel. Ohio Dept. of Mental Health v. Nadel</u>, 786 N.E. 2d 49, 54 (Ohio 2003).

> Exclusive jurisdiction to resolve unfair
> labor practice charges is vested in SERB in
> two general areas: (1) where one of the

> parties filed charges with SERB alleging an
> unfair labor practice under R.C. 4117.11 and
> (2) where a complaint brought before the
> common pleas court alleges conduct
> specifically enumerated in R.C. 4117.11.

Id. (citation omitted). In this case, Mr. Breckenridge filed a charge with SERB alleging an unfair labor practice by the defendants. Jurisdiction, therefore, lies exclusively with SERB, and not this Court, to consider Mr. Breckenridge's claims.

Prior to the enactment of the Public Employees' Collective Bargaining Act, Ohio Rev. Code Chapter 4117, courts had jurisdiction over suits against a union for breach of the duty of fair representations. See Vaca v. Sipes, 386 U.S. 171 (1967) and Braswell v. Lucas Metro. Housing Auth., 498 N.E. 2d 184 (Ohio Ct. App. 1985). Since the passage of Chapter 4117, however, Ohio courts have concluded that SERB has exclusive jurisdiction to remedy unfair labor practices involving public employees, including those relating to the union's duty of fair representation. State ex rel. Ramsdell v. Washington Local School Bd., 556 N.E. 2d 197, 199-200 (Ohio Ct. App. 1988); Shamrock v. Trumbull County Commissioners, 593 N.E. 2d 28, 30-31 (Ohio Ct. App. 1990). The lack of judicial review was a primary concern of the United States Supreme Court in Vaca. 386 U.S. at 182-83. Unlike the unreviewable discretion given to the general counsel of the NLRB regarding whether or not to institute an unfair labor practice complaint, a decision by SERB as to the merits of an unfair labor practice charge may be appealed to the common pleas court. See Ohio Rev. Code §4117.13(D). If SERB dismisses a charge for lack of probable cause, an action in mandamus is the appropriate remedy. Nadel, 786 N.E. 2d at 51. The presence of these state court remedies deprives the federal court of jurisdiction over this state law claim.

Mr. Breckenridge also cannot assert a claim against AFSCME

under federal labor law. Although section 301 of the National Labor Relations Act, 29 U.S.C. §185(a), provides for federal subject matter jurisdiction in contract disputes between an employee and a union representing employees in an industry affecting commerce, section 2(2) of the LMRA, 29 U.S.C. §152(2), amended the NLRA to exclude states and their political subdivisions from the NLRA's definition of "employer." Moir v. Greater Cleveland Regional Transit Auth. 895 F.2d 266, 269 (6th Cir. 1990). Accordingly, state employees are not governed by federal labor laws. See N.A.A.C.P., Detroit Branch v. Detroit Police Officers Assn., 821 F.2d 328, 331-32 (6th Cir. 1987). Because Mr. Breckenridge was a state employee, he cannot state a claim under the LRMA. See Strader v. American Federation of State, County and Municipal Employees, Local 1027, slip op., 2006 WL 2373200 at p.2 (S.D. Ohio Aug. 15, 2006).

C.

Next, it does not appear that Mr. Breckenridge has stated a claim upon which relief can be granted against defendants Bowshier, Douglas, Johnson, and Loeffler. It is well-settled that individuals employed on behalf of labor unions cannot be held liable under §301 of the LMRA in their individual capacity for acts performed in the collective bargaining process. Burrell v. Henderson, 483 F.Supp. 2d 595, 606 (S.D. Ohio 2007). See also Sellers v. Doe, 650 N.E. 2d 485, 487-88 (Ohio Ct. App. 1994). The same is true for the individuals who negotiated on behalf of Mr. Breckenridge's employer. See Combs v. Indyk, 554 F.Supp. 573, 574-75 (W.D.Pa. 1982) ("[I]t appears that insulation of corporate officers and agents from liability for section 301 violations was, in part, a basis for the parallel insulation of officers and members of local unions from liability for section 301 violations."). Mr. Breckenridge's allegations that the union's and the employer's representatives acted in concert to

sabotage his disability benefits are "wholly conclusory and insufficient to warrant relief." Sabouri v. Ohio Dept. Of Jobs and Family Services, 33 Fed. Appx., 2002 WL 504782 (6th Cir. 2002).

D.

Lastly, the only allegation against defendant Graham is that, as the fact finder for SERB, he sided with Mr. Breckenridge's employer, the State of Ohio, instead of the union. This is not a valid legal claim.

> [A] fact-finder will exercise judicial or quasi-judicial power when he issues a recommended resolution for the parties' controversy. The fact-finder's proceedings include notice, a hearing, an opportunity to present evidence, and an adjudication based on that evidence. His recommendations effectively determine the dispute, because they become the parties' agreement unless either party affirmatively rejects them by a 60% vote of its membership within seven days. Those recommendations constitute a quasi-judicial adjudication.

State ex rel. City of Parma v. State Employment Relations Bd., slip op., 1987 WL 348584 at p. 1 (Ohio Ct. App. May 7, 1987)(internal citations omitted). See also Ohio Rev. Code §4117.14(C). Accordingly, Mr. Breckenridge's claims against defendant Graham are barred under the doctrine of quasi-judicial immunity. See Hale v. Cody, 188 F.3d 507, 1999 WL 685927 (6th Cir. 1999)(affirming district court's determination that state school board members as quasi-judicial officers and fact-finders are protected from suit by the doctrine of absolute immunity).

IV.

Based on the foregoing, the Court recommends that the complaint be dismissed in its entirety for lack of jurisdiction and failure to state a claim upon which relief may be granted. It is further recommended that a copy of the complaint, this

report and recommendation, and any dismissal order be mailed to each defendant if the report and recommendation is adopted.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge